UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY J. McAFEE, et. al., | Case No.: 5:11-CV-00821-LHK |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| THOMAS FRANCIS, | |
| Defendant. | |

This action involves a dispute over alleged agreements to purchase heavy machinery. Three separate individuals ("Plaintiffs") bring state law claims for breach of contract and common counts. Defendant removed this action from Santa Clara County Superior Court on February 22, 2011. Presently before the Court is Defendant's motion to dismiss for failure to state a claim, or, in the alternative, motion for a more definite statement. The Court finds this matter suitable for decision without oral argument. *See* Civil Local Rule 7-1(b). Accordingly, the hearing on this Motion, set for August 4, 2011, is hereby VACATED. For the reasons stated below, the motion to dismiss is GRANTED with leave to amend, and the motion for a more definite statement is DENIED as moot. In light of the dismissal of Plaintiffs' Complaint, the August 4, 2011 case management conference is continued to Wednesday, October 19, 2011 at 2:00 p.m.

1

Case No.: 11-CV-0281-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

## I. Background

Plaintiffs, Jimmy J. McAfee, Mona Sutherland, and Jayna Sutherland, originally filed their Complaint against Defendant, Thomas Francis and Does 1-100, using form pleadings in California Superior Court for the County of Santa Clara on December 13, 2010. *See* Dkt. No. 1, Ex. A. Plaintiffs' combined Complaint alleges six causes of actions under California law: three claims for breach of contract and three for common counts against Defendant. *Id.* Because the Complaint was filed on state pleading forms, which contain check boxes and limited spaces for factual allegations, the allegations are sparse. Plaintiffs allege that they each had a written contract with Defendant wherein Defendant agreed to purchase, on Plaintiffs' behalf, $13,000, $25,000, and $300,000, worth of heavy machinery. The written contracts are not attached to the Complaint. The Plaintiffs also each allege that on or about November 1, 2008, the Defendant "did not consummate the purchase of specific items of heavy machinery," and thereby breached the alleged agreements. Plaintiffs allege in their separate, but closely related, common counts claims that Defendant became indebted to them sometime in the last four years for certain sums of money corresponding to the alleged amounts of damages for breach of contract.

Shortly after Defendant removed the action to this Court on February 22, 2011, Defendant filed a motion requesting the Court to dismiss the Complaint for failure to state a claim, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, to treat the motion as a motion for a more definite statement, pursuant to Rule 12(e). *See* Dkt. No. 5. Plaintiffs have filed a short opposition, which does not contest Defendant's motion on the merits, but instead requests leave to amend or the granting of Defendant's alternative motion for a more definite statement.

## II. Discussion

### A. Legal Standard

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc*., 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Case 5:11-cv-00821-LHK   Document 25   Filed 08/01/11   Page 3 of 5

While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, courts are not bound to accept as true "a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-1950.

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. ' *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Breach of Contract Claims

By failing to oppose Defendant's motion to dismiss on the merits, Plaintiffs essentially concede that they fail to state claims for breach of contract because their form pleadings contain insufficient factual allegations. Under California law, a claim for breach of contract consists of four elements: (1) a contract, (2) the plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to the plaintiff from defendant's breach. *See Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545, 78 Cal. Rptr. 2d 725 (1998); *see also* 4 Witkin Cal. Proc. Plead. § 515 (collecting cases). A contract requires an offer that articulates the terms of the agreement, and an acceptance that mirrors the offer. *See Chaganti v. I2 Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1071 (N.D. Cal. 2007) ("An offer must clearly articulate the terms of the agreement and the acceptance must be absolute, unqualified and a mirror image of the offer."). Plaintiffs' current allegations fail to allege sufficient facts to support these essential elements. *Iqbal*, 129 S.Ct. at 1949-1950. No copies of the agreements are attached to the Complaint, nor are the essential terms of the agreement, other than amount, pleaded. Plaintiffs do not identify a contract date, and do not specify the exact terms of the agreements that were allegedly breached. Without the essential terms of the agreement and more specific allegations as to breach, Plaintiffs fail to state breach of contract claims.

Accordingly, Plaintiffs' claims for breach of contract are dismissed.

3

Case No.: 11-CV-0281-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

### C. Common Counts Claims

Under California law, a pleading for a claim of common counts is used to allege the existence of a monetary indebtedness. *See Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*, 2011 U.S. Dist. LEXIS 336 at *10 (N.D. Cal. Jan. 4, 2011). The elements of a claim for common counts are: (1) the statement of indebtedness in a certain sum, (2) the consideration, and (3) nonpayment. *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (Cal. App. 3d Dist. 1997). Here, Plaintiffs allege on the pleading forms that Defendant became indebted "for money had and received" from the Plaintiffs in the same amounts as the breach of contract claims. Thus, the common counts claims are derivative of their contract claims. "'When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts,'" it does not survive if the underlying claim does not survive." *Mar Partners 1, LLC*, 2011 U.S. Dist. LEXIS 336 at *10 (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 394, 20 Cal. Rptr. 3d 115 (2004)); *see also In re Conseco Ins. Co.*, 2007 U.S. Dist. LEXIS 12786 at *32 (N.D. Cal. Feb. 12, 2007) (citing *Mitchell v. National Automobile & Casualty Insurance Co.*, 38 Cal. App.3d 599, 606, 113 Cal. Rptr. 391 (1974)).

Because the Court dismisses Plaintiffs' breach of contract claims, it also dismisses Plaintiffs' common counts claims.

### D. Joinder

Federal Rule of Civil Procedure 20 ("Permissive Joinder of Parties") provides:

> (a) Persons Who May Join or Be Joined.
>
>   (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:
>
>     (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>     (B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a). Although Defendant did not challenge the claims in the Complaint based on improper joinder, it is not clear to the Court why the allegations of three different individuals have been combined in a single Complaint. Presumably, each individual Plaintiff had a distinct contract with Defendant, which would likely mean each Plaintiff's right to relief would not arise

4

Case No.: 11-CV-0281-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

out of the same transaction, occurrence, or series of transactions or occurrences and would not involve any question of law or fact common to all Plaintiffs.  However, the allegations in the Complaint are so vague that it is not possible, at least at this time, to fully resolve the joinder issue.  As the Court is granting leave to amend, any amended complaint should clarify why joinder is proper in these circumstances.

### III.  Conclusion

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' Complaint.  Because the Court determines that the Complaint could be cured by additional factual allegations to support the claims for breach of contract and common counts, Plaintiffs are granted leave to file an amended complaint within thirty (30) days of this Order.  Failure to do so risks dismissal with prejudice.  Defendant's motion for a more definite statement is DENIED as moot, and the motion hearing set for August 4, 2011 at 1:30 p.m. is VACATED.  The August 4, 2011 case management conference is continued to October 19, 2011 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: August 1, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge