UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY J. McAFEE, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>THOMAS FRANCIS, individually; WENDELL SPELL, individually; NORTH GEORGIA EQUIPMENT SALES, LLC; CONERNSTONE INTERNATIONAL INVESTMENTS, LLC; and DOES 1-100,<br><br>        Defendants. | Case No.: 11-CV-00821-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

This action involves a dispute over alleged agreements to purchase interests in heavy machinery as part of an alleged Ponzi scheme. Three separate individuals, Jimmy McAfee ("McAfee"), Jayna Sutherland ("Jayna"), and Mona Sutherland ("Mona") (collectively "Plaintiffs"), bring state law claims for breach of contract, common counts, negligent misrepresentation, fraud – intentional misrepresentation, concealment, and operation of a Ponzi scheme. Presently before the Court is Defendant Thomas Francis's ("Defendant" or "Francis") Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 29 ("Mot."). The Court held a hearing on Defendant's Motion on March 1, 2012. Having considered the parties' submissions and arguments and the relevant law, the Court hereby GRANTS WITH PREJUDICE Defendant's motion to dismiss Counts 1, 3,

1

and 5 (breach of unilateral written contract), Counts 2, 4, and 6 (common counts), and Count 10 (operation of a Ponzi scheme); DENIES Defendant's motion to dismiss Count 7 (negligent misrepresentation); and GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss Counts 8 and 9 (fraud).

## I. BACKGROUND

### A. Factual Background

The following facts are taken from Plaintiff's FAC, which the Court takes as true for purposes of this motion. Defendant Wendell Spell ("Spell") started a heavy equipment business approximately eight years ago in Gainesville, Georgia. FAC ¶ 12. Spell operated the heavy equipment business under the fictitious names of North Georgia Heavy Equipment Sales, LLC ("NGES"), and Cornerstone International Investments, LLC, both Georgia limited liability companies of which Spell is the only known managing member. *Id.* ¶¶ 7, 8, 12. Spell's business operated by raising capital from local investors based on Spell's representations that he had already pre-sold certain heavy machinery to foreign purchasers, principally buyers in Dubai and North Africa. Spell promised to repay investors at a premium based on the profit gained from the resale of the heavy machinery. At some point, Spell's expenses began to outstrip his income, leaving him unable to repay the debts owed to investors. Consequently, he began running a Ponzi scheme, selling interests in heavy machinery that did not exist, and using the proceeds to pay his current expenses and repay debts owed to earlier investors. *Id.* ¶ 13.

Defendant Francis was one of the early, first-round investors in Spell's business, and he formed a Georgia limited liability company called Neptune's Account LLC ("Neptune") to invest in and recruit new investors for Spell's company. *Id.* Plaintiffs believe that Francis realized at some point that Spell would not be able to repay new investors, but nevertheless, "[s]ometime in July or August, or perhaps as early as June, 2008, Francis and Neptune, without Spell's knowledge and consent, continued to raise money allegedly to fund the purchase of heavy machinery, knowing that the newer investors, including [Plaintiffs], would not be receiving their money back." *Id.* ¶ 13.

2

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Meanwhile, Spell paid out monies to Francis and one or more of his various entities, such as Neptune, and to unknown Doe defendants. *Id.*

Plaintiffs were among the later investors who entered into an agreement with Defendants.[1] McAfee alleges that he entered into two separate unilateral written contracts with Defendants on July 22, 2008, and August 8, 2008, respectively. *Id.* ¶¶ 15, 16. Under the terms of the first contract, McAfee paid $100,000 in exchange for a 100/428 interest in a 2002 CAT D8T machine and Francis's promise to return McAfee's investment in the machine plus profit "within a short period of time," but no later than November 1, 2008. *Id.* ¶ 15. Under the terms of the second contract, McAfee paid $200,000 in exchange for a 200/900 interest in forty-four pieces of heavy machinery and the same promise by Francis to return the investment plus profit by no later than November 1, 2008. *Id.* ¶ 16. Francis "memorialized" both agreements in writing: the first, by "initializing" McAfee's 100/428 interest in the machine on the bill of sale from NGES to Francis and providing this bill of sale to McAfee; and the second, by sending McAfee an email on August 18, 2008, confirming his interest in the machines. *Id.* ¶¶ 15, 16.

Jayna and Mona Sutherland allege that in or about August 2008, they also entered into contracts with Defendants under the same terms as McAfee's contract described above. *See id.* ¶¶ 23, 29. In or about August 2008, Jayna paid Defendants $25,000, and Mona paid Defendants $13,000; each in exchange for an interest in a piece of heavy machinery and Francis's promise to repay their principal and profit by no later than November 1, 2008. *Id.* Both Jayna and Mona allege that Francis "memorialized" their respective agreements by "initialing" their interests on the respective bills of sale from NGES to Francis, and giving the bills to Jayna and Mona. *Id.*

All three Plaintiffs allege that they paid Defendants an agreed upon sum of money, and thus performed all obligations under the terms of their respective agreements. Plaintiffs allege that Defendants breached their respective contracts on November 1, 2008, by failing to purchase the machinery on Plaintiffs' behalf, and by failing to pay each plaintiff their principal and profit owed, as promised. *Id.* ¶¶ 17, 23, 30.

---

[1] Throughout the FAC, Plaintiffs fail to specify which Defendants were responsible for which specific actions.

3

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

On these facts, Plaintiffs bring ten causes of action: (1) three counts of breach of unilateral written contract; (2) three counts of common counts; (3) fraud -- concealment; (4) negligent misrepresentation; (5) fraud -- intentional misrepresentation; and (6) operation of a Ponzi scheme.

### B. Procedural History

Plaintiffs originally filed their Complaint in Santa Clara Superior Court on December 13, 2010, using form pleadings. *See* ECF No. 1, Ex. A. Plaintiffs' combined Complaint alleged six causes of actions under California law: three claims for breach of contract and three for common counts against Defendant. *Id.* Defendants removed the action in February of 2011, and shortly thereafter moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to Rule 12(e). *See* ECF No. 5. The Court granted the motion to dismiss with leave to amend. ECF No. 25 ("Order"). Plaintiffs timely filed their First Amended Complaint ("FAC") on August 29, 2011, adding, in addition to the previously alleged causes of action, claims of negligent misrepresentation, fraud (concealment and intentional misrepresentation), and operation of a Ponzi scheme. ECF No. 26. Counts 1 through 9 are brought against only Defendants Francis and Does 1 through 10, inclusive. Count 10 (operation of a Ponzi scheme) is brought against all Defendants. Francis filed the instant motion to dismiss pursuant to Rule 12(b)(6) on September 12, 2011.[2] ECF No. 29. Plaintiffs filed an opposition, ECF No. 34, and Francis filed a reply, ECF No. 39.

### II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to [Plaintiffs]." *Facebook, Inc. v. MaxBounty, Inc.,* 274 F.R.D. 279, 282 (N.D. Cal. 2011) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). However, the Court need not accept as true

---

[2] Defendant Neptune Account LLC filed a separate motion to dismiss for lack of personal jurisdiction, which the Court granted upon Plaintiffs' filing of a statement of non-opposition. ECF. No. 58.

4
Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

"allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**III. DISCUSSION**

**A. Joinder**

In its previous Order, the Court advised Plaintiffs that any amended complaint would have to satisfy the Court that joinder of Plaintiffs is proper under the circumstances alleged. *See* Order at 4-5. Although improper joinder is not grounds for dismissal, it would require severance of Jayna's and Mona's claims, which could destroy the Court's jurisdiction over their actions since it

is not clear on the face of the FAC that their claims independently meet the amount in controversy requirement for diversity jurisdiction.

Federal Rule of Civil Procedure 20 ("Permissive Joinder of Parties") provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Based on the facts alleged in Plaintiffs' original complaint, it was not clear to the Court why plaintiffs' breach of contract claims should be allowed to be brought in a single complaint, where each individual plaintiff alleged breach of a different contract. However, Plaintiffs have added to their FAC an additional claim of negligent misrepresentation, which, pursuant to this Order, survives Defendant's motion to dismiss. In addition, Plaintiffs may succeed in properly alleging a claim of fraud in an amended complaint. The Court therefore considers whether Plaintiffs' FAC satisfies the requirements for joinder under Rule 20.

First, the Court must determine whether Plaintiffs' claims to relief arise out of the same transaction, occurrence, or series of transactions or occurrences. There is no generalized test for this determination, and the Court must focus on the facts pled in this case while extrapolating from previous case law. 7 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1653. (3d ed. 2002). Here, Plaintiffs allege that the breach of contract, negligent misrepresentation, and fraud claims all arise from a common Ponzi scheme. Some district courts have noted that "two victims' wholly separate encounters with a confidence man" are not part of the same transaction "simply because he follows the same routine in cheating each of them." *Papagiannis v. Pontikis*, 108 F.R.D. 177, 179 (N.D. Ill. 1985); *see In re Conners*, 125 B.R. 611, 614 (Bankr. S.D. Cal. 1991). However, some courts have concluded that even when the underlying *contract* claims are predicated on different transactions and occurrences, allegations of *fraud and misrepresentation* may constitute a transaction or series of transactions under Rule 20(a) when they are part of a common scheme. *See, e.g.*, *Russo v. Bache Halsey Stuart Shields, Inc.* 554 F. Supp. 613, 616-17 (N.D. Ill. 1982); *Mesa Computer Utils., Inc. v. W. Union Computer Utils., Inc.*, 67 F.R.D. 634, 637

6

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

(D. Del. 1975); *Goodman v. H. Hentz & Co.*, 265 F. Supp. 440, 443 (N.D. Ill. 1967) (noting that joinder is proper if there is an underlying act of continuing negligence that affects all plaintiffs).

The Court agrees that, while Plaintiffs' three distinct claims for breach of three independent contracts do not arise from the same transaction or occurrence, Plaintiffs' claims of negligent misrepresentation (and of fraud, should they adequately re-allege a claim for fraud in an amended complaint) are grounded in the common scheme alleged to be Defendant Spell's Ponzi scheme, and therefore arise from the same series of transactions or occurrences. As the Supreme Court has noted in the context of Federal Rule of Civil Procedure 13, "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926). The Court finds such a logical relationship underlying Plaintiffs' negligent misrepresentation and fraud claims, and therefore concludes that the first prong for joinder of plaintiffs under Rule 20(a) is satisfied here.

Second, the Court must determine whether any question of law or fact common to all Plaintiffs will arise in the action. The Court finds this second requirement satisfied here as well. To prevail on their negligent misrepresentation claim, Plaintiffs will have to show the state of Spell's operations at the time of the alleged misrepresentations, as well as Francis's lack of reasonable grounds in believing that Plaintiffs would be repaid their investments with profit. Similarly, if Plaintiffs successfully re-allege a claim for fraud, Plaintiffs must prove the common fact of Francis's knowledge of the alleged underlying Ponzi scheme.

Accordingly, in light of the new causes of action and corresponding allegations in the FAC, the Court determines that joinder of Plaintiffs is proper under the circumstances presented.

### B. Breach of Contract Claims

Counts 1, 3, and 5 are claims for breach of unilateral written contract between (a) McAfee and Defendants, (b) Jayna and Defendants, and (c) Mona and Defendants, respectively. To state a claim for breach of contract under California law, Plaintiffs must plead four elements: "(1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*,

7

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

158 Cal. App. 4th 1226, 129 (2008); *see also* 4 WITKIN CAL. PROC. PLEADING § 515 (5th ed. 2008) (collecting cases). A unilateral contract is one in which a promisor proposes terms in exchange for some action or forbearance. The promisee accepts the offer by performing the action, and in turn the promisor's initial promise becomes a contractual obligation. *See, e.g.*, *Asmus v. Pac. Bell*, 999 P.2d 71, 75 (Cal. 2000).

The FAC specifically asserts breach of a unilateral *written* contract. Thus, in addition to pleading the general elements of a breach of contract identified above, Plaintiffs must also sufficiently plead facts showing that the alleged agreements between Plaintiffs and Defendant were founded upon instruments in writing. The assertion of a written contract raises an important issue, for while a claim of breach of a written contract is subject to a four year statute of limitation, CAL. CIV. PROC. CODE § 337(1), a contract claim "not founded upon an instrument of writing" is subject to a two year limitations period, *id.* § 339(1).

Defendant argues that Plaintiffs' FAC suffers from multiple deficiencies. First and foremost, Defendant argues that Plaintiffs have not adequately pleaded facts to support the plausible existence of a written contract between Plaintiffs and Defendant.[3] Mot. at 8-9. While plaintiffs allege that their contracts were written, the only writings they identify are a short email to Francis and notations on various bills of sale "memorializing" that plaintiffs have a partial interest in certain pieces of heavy machinery. Mot. at 8-9. Second, Defendant argues that the FAC lacks sufficient allegations as to which individuals were party to each alleged contract. *Id.* at 9. Third,

---

[3] Defendant notes that Plaintiffs fail to attach copies of any purported contracts to their FAC. While the Court's present task would certainly be facilitated had Plaintiffs done so, federal procedural law, unlike California law, does not require submission of the written agreement itself to state a claim for breach of contract. *See, e.g.*, *Kassa v. BP W. Coast Prods., LLC*, No. C-08-02725 RMW, 2008 WL 3494677, at *4 (N.D. Cal. Aug. 12, 2008) (holding California procedural rule requiring submission of written agreement in breach of contract claims does not apply in federal courts); *W. Oilfields Supply Co. v. Goodwin*, No. CV F 07-1863, 2008 WL 2038048, at *2 (E.D. Cal. May 12, 2008) (same). "[F]ederal procedural law, not state law, governs in this court and . . . federal procedure requires only that the defendant have notice of the contract alleged to be breached." *Kassa*, 2008 WL 3494677, at *4 (citing *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, No. C 0500917CW, 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005); *Erie R. Co. v. Tompkins*, 304 U.S. 64).

8
Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

1   Defendant notes that the FAC is vague as to the precise terms of the contract, failing to specify the
2   exact profit Plaintiffs expected to receive. Reply at 4.

3   Plaintiffs, in turn, devote much energy to arguing that they have adequately pleaded the
4   substance of a series of unilateral contracts, wherein Defendant "*promised* to deliver title to heavy
5   equipment as consideration for Plaintiffs' *performance* of paying him money." Opp'n at 4
6   (emphases in original). Plaintiffs' FAC contains some specific allegations, such as the exact date
7   of McAfee's two alleged agreements with unspecified "defendants," the exact amounts paid by
8   Plaintiffs to unspecified "defendants," and the date by which unspecified "defendants" promised to
9   deliver the principal and profits. However, the FAC does not identify the exact parties to each of
10  the alleged contracts, and contains at best vague allegations as to the amount Defendants promised
11  to pay Plaintiffs. Thus, Plaintiffs again fail to plead all the essential terms of their alleged
12  agreements.

13  Moreover, Plaintiffs fail to adequately plead facts supporting the plausible existence of a
14  written instrument on which their contract claims are founded. Plaintiffs argue in their opposition
15  that "[t]he documents evidencing a written unilateral contract are the pleaded bills of sale upon
16  which Francis, in his hand, noted the shares of each item of heavy equipment the Plaintiffs would
17  receive." Opp'n at 4 (internal quotation marks omitted). At the hearing, the parties clarified that
18  the bills of sale generally contain Francis's handwritten notations in the margins consisting of the
19  investor's initials, a fraction that supposedly indicates the investor's share of interest in the
20  property, and Francis's own initials. Plaintiffs' argument that these bills of sale are sufficient
21  evidence of a written contract is not persuasive. "[T]o be founded upon an instrument in writing,
22  the instrument must, itself, contain a contract to do the thing for the nonperformance of which the
23  action is brought." *Cent. Indemnity Co. v. Superior Court*, 50 Cal. App. 4th 1115, 1122 (1996)
24  (quoting *O'Brien v. King*, 164 P. 631, 632 (Cal. 1917)) (internal quotation marks and citations
25  omitted). In other words, under California law, "the promise or obligation being sued upon must
26  be embodied in the language of the writing." *Id.* at 74 (quoting *O'Brien*, 164 P. at 632) (internal
27  quotation marks and citation omitted).

28

9

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

To the extent Plaintiffs believe that simply "memorializing" an oral agreement converts such agreement into a written contract, the California Court of Appeal has flatly rejected this argument. In *Citizens Casualty Co. v. Otis Clark & Co.*, the plaintiff orally asked the defendant to obtain three years of insurance from a third party for the plaintiff. 19 Cal. App. 3d 294 (1971). In fact, defendant only obtained a single year of insurance for plaintiff. Nevertheless, defendant sent plaintiff a letter confirming that defendant had obtained three years of insurance. While the court found that there was ample evidence to support a breach of an oral contract, the plaintiff did not file an action for over three years, and as such the action was only viable under the statute of limitations if it was based upon a written contract—namely, the letter. *Id.* at 298-99. The court held:

> The letter of January 26, 1959 is merely a statement that the oral agreement has been performed. It is not sufficient that the cause of action is in some way remotely or indirectly connected with an instrument in writing or that the instrument is a link in the chain establishing the cause of action. The instrument itself must contain the contract to do the thing for the nonperformance of which the action is brought.

*Id.* at 299. As such, plaintiff's suit was untimely. *Id.* at 301.

In the case at hand, Plaintiffs style their claims as breach of unilateral written contracts accepted by payment. As pleaded, the contracts had already been accepted by performance, and therefore were already complete when Francis "memorialized" Plaintiffs' interest in the machinery. *See* Opp'n at 5 ("Plaintiffs' [sic] *accepted* that agreement when they paid Francis the money he requested." (emphasis in original)). On these facts, Plaintiffs have not pleaded facts to support a plausible inference that the bills of sale or the e-mail sent to McAfee were themselves contracts. Furthermore, the "memorializations" give no indication of a preceding agreement in writing, and indeed the FAC makes no mention of an antecedent written agreement.

Under *Iqbal*, Plaintiffs cannot simply rely on a conclusory assertion that the contracts were written, where the only identifiable writings are a single e-mail sent by Francis to McAfee and various bills of sale from NGES to Francis, on which Francis purportedly "memorialized" the agreements by "initialing" Plaintiffs' interests on the bills of sale. Instead, Plaintiffs must plead facts showing that the "promise or obligation being sued upon" was "embodied in the language" of

10

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

the written instrument at issue. *Cent. Indem. Co.*, 50 Cal. App. 4th at 1122. Plaintiffs have not done so in their FAC. The Court agrees with Defendant that, based on the facts as alleged, the language of the bills of sale and solitary e-mail sent by Francis to McAfee does not embody the promise or obligation being sued upon. Thus, in addition to the other defects in their FAC, Plaintiffs have failed to plead the existence of contracts founded on instruments in writing.[4]

Accordingly, the Court GRANTS Defendant's motion to dismiss Counts 1, 3, and 5. Plaintiffs have already been given an opportunity to cure the deficiencies identified in the Court's previous August 1, 2011 Order, and they have failed to do so. The Court finds that granting further leave to amend would prejudice Defendant and cause undue delay, and would likely also be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Accordingly, Plaintiffs' breach of contract claims are dismissed with prejudice. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (internal quotation marks and citation omitted)).

**C. Common Count Claims**

Counts 2, 4, and 6 are common count claims by McAfee, Jayna, and Mona, respectively, against Defendants for indebtedness on an open book account for money due. "A common count is not a specific cause of action, however; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory." *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). "'When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts,'" it does not survive if the underlying claim does not survive." *Mar Partners 1, LLC*, 2011 U.S. Dist. LEXIS 336, at *10 (quoting *McBride*, 123 Cal. App. 4th at 394); *see also In re Conseco Ins. Co.*, 2007 U.S. Dist.

---

[4] In their opposition brief, Plaintiffs assert for the first time in this case an alternative claim for Breach of Warranty of Title on a Sales Contract, under California Commercial Code § 2312(1). *See* Opp'n at 6. Plaintiffs -- who are represented by counsel, and who have been throughout these proceedings -- failed to plead this cause of action in their FAC, and thus the Court will not consider its merits.

11

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

LEXIS 12786, at *32 (N.D. Cal. Feb. 12, 2007) (citing *Mitchell v. Nat'l Auto. & Cas. Ins. Co.*, 38 Cal. App. 3d 599, 606 (1974)).

As this Court previously noted, Plaintiffs' common count claims are derivative of their breach of contract claims. *See* Order at 4. Indeed, Plaintiffs conceded at the hearing that their common count claims rise and fall with their breach of contract claims. As before, because the Court dismisses Plaintiffs' breach of contract claims, it also GRANTS Defendant's motion to dismiss the common count claims. Because the Court dismisses Plaintiffs' breach of contract claims with prejudice, amendment of the common count claims would be futile. Accordingly, the dismissal of Counts 2, 4, and 6 is with prejudice.

### D. Negligent Misrepresentation[5]

Count 7 alleges negligent misrepresentation. The elements of negligent misrepresentation under California law are: "'(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009) (quoting *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007)).

Defendant's sole argument for dismissing Plaintiffs' negligent misrepresentation claim is that it is barred by a two year statute of limitations. *See* Mot. at 12; Reply at 7-8. Defendants rely on a 2008 Ninth Circuit decision, which in turn cites a 1996 California Court of Appeal decision, stating that the limitations period for a claim of negligent misrepresentation, unlike a claim of fraud, is two years. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (citing CAL. CIV. PROC. CODE § 339(1)); *Ventura Cnty. Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1531 (1996)). Defendants assert that Plaintiffs' negligent misrepresentation claim

---

[5] Defendants suggest that Counts 7 through 10 -- claims for negligent misrepresentation, intentional misrepresentation, fraudulent concealment, and operation of a Ponzi scheme -- should be dismissed because the Court did not expressly authorize Plaintiffs to add new claims in granting them leave to file an amended complaint. *See* Mot. at 8, 10. To the contrary, because the Court granted Plaintiffs leave to amend their complaint generally and did not impose specific restrictions on the scope of such leave to amend, the Court does not find it proper to dismiss the newly alleged causes of action on this ground alone.

12

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

accrued, "at the latest, on November 1, 2008," which is the date by which Defendants allegedly promised to return Plaintiffs' money. Mot. at 12. Because Plaintiffs did not file their action until December 13, 2010, more than 25 months later, Defendant argues that the claim is time barred.

Plaintiffs respond by arguing that under California law, negligent misrepresentation is in fact subject to a three year limitations period, as it is grounded in fraud or mistake and therefore governed by California Code of Civil Procedure Section 338(d). *See* Opp'n at 10-12. Indeed, more recent California case law appears to support Plaintiffs' position. *See, e.g.*, *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 920 (2009) ("The limitations period for [plaintiff's] fraud and negligent misrepresentation claims is three years." (citing CAL. CIV. PROC. CODE § 338(d)).

In ruling on the instant motion to dismiss, however, the Court need not resolve this question of California law, because Defendant has not met his burden of proving that Plaintiffs' negligent misrepresentation claim is time-barred, regardless of whether the statute of limitations is two years or three years. "[A] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint. A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010), *cert. denied*, -- U.S. --, 131 S. Ct. 3055 (2011) (internal citations and quotations omitted). Even under the cases cited by Defendant, it is clear that the limitations period does not commence until the cause of action accrues, and "accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim." *Platt Elec. Supply*, 522 F.3d at 1054. As Plaintiffs correctly argue, other than a bare assertion that Plaintiffs' negligent misrepresentation claim accrued, "at the latest, on November 1, 2008," Defendant has not pointed to anything that would preclude Plaintiffs from proving that they did not discover Francis's negligent misrepresentation until December 13, 2008. Opp'n at 11-12. Because there is nothing on the face of the Complaint to indicate that Plaintiffs learned or should have learned of the misrepresentation before December 13, 2008, merely a month

13

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

and a half after Defendants had allegedly promised to pay, Defendant's motion to dismiss the claim of negligent misrepresentation as time barred is DENIED.

### E. Fraud

New Count 8 alleges intentional misrepresentation, and new Count 9 alleges concealment. Both counts are claims for fraud. *See Turman v. Turning Point of Cent. Cal, Inc.*, 191 Cal. App. 4th 53, 63 (2010). "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). While a misrepresentation is generally only actionable if the misrepresentation concerns past or existing material facts, *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991), a promise to do something in the future may constitute intentional fraud if it was made without any intention to perform, *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

As an initial matter, the Court notes that Defendant incorrectly cites California pleading standards. The Federal Rules of Civil Procedure govern pleading in diversity cases, and thus the particularity requirement under Federal Rule of Civil Procedure 9(b) applies to state law causes of action brought in federal court. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003); *see also Hanna v. Plumer*, 380 U.S. 460 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess*, 317 F.3d at 1103 (internal quotation marks and citation omitted) (emphasis in original). Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* at 1106 (internal quotation marks and citation omitted).

14

Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant argues that Plaintiffs fail to plead with specificity that Francis made any false representation or knowingly concealed any material fact. Mot. at 11-12. Defendant argues that Plaintiffs have not alleged how or when Francis allegedly learned that the sales of heavy machinery would not return to Plaintiffs their principal or profits, nor have Plaintiffs alleged how or when Francis made a material misrepresentation or concealment to them. "As [Plaintiffs] have not alleged what role, if any, Francis played in the communications or agreements with Spell, it is impossible to determine if their reliance was justified, because it is impossible to determine what, specifically, they relied on." Mot. at 12.

Plaintiffs argue they specifically plead that Francis misrepresented that "the heavy machinery that they purchased actually existed, had been sold to a third party buyer and that their principal and profits would be returned to them within a short period of time, and no later than November 1, 2008," and furthermore concealed from Plaintiffs that the foregoing was not true. FAC ¶¶ 38, 40; *see* Opp'n at 9. However, while the FAC does contain some specific allegations as to the content of the material misrepresentations or concealments, *i.e.*, the "what" of the alleged misconduct, the Court agrees with Defendant that the FAC lacks specificity with respect to the "who, . . . when, where, and how" of the alleged fraud. *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted).

Although Plaintiffs have failed to plead their fraud claims with sufficient particularity, it is not clear that they would be unable to do so if given leave to amend. Accordingly, the Court GRANTS Defendant's motion to dismiss without prejudice.

### F. Operation of a Ponzi Scheme

Finally, Plaintiffs' tenth cause of action seeks disgorgement of profits and exemplary and punitive damages for "[o]peration of a Ponzi scheme." FAC ¶ 43. The underlying allegations of this cause of action mimic Plaintiffs' allegations of fraud in Counts 8 and 9. *See id.* ¶¶ 38, 40. Defendant argues, however, that to the extent Plaintiffs seek to recover for this same conduct under a separate cause of action for "operation of a Ponzi scheme," no such independent cause of action exists under either state or federal law. Mot. at 12-13. Plaintiffs offer no argument or authority in

15
Case No.: 11-CV-00821-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRANCIS'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

opposition, and the Court has found none on its own.  Moreover, at the motion hearing, Plaintiffs advised the Court that they intend to dismiss this count as to all Defendants.  Accordingly, the Court GRANTS Defendant's motion to dismiss the tenth cause of action with prejudice.  Because the tenth cause of action is the only claim alleged against Defendants Spell; North Georgia Equipment Sales, LLC; Cornerstone International Investments, LLC; and Does 11 through 100, the only defendants who remain in this action are Francis and Does 1 through 10.

## IV. CONCLUSION

For the foregoing reasons, Defendant Francis's motion to dismiss is GRANTED WITH PREJUDICE as to Counts 1, 3, and 5 (breach of unilateral written contract); Counts 2, 4, and 6 (common counts); and Count 10 (operation of a Ponzi scheme).  The motion is GRANTED WITHOUT PREJUDICE as to Counts 8 and 9 (fraud).  The motion is DENIED as to Count 7 (negligent misrepresentation).  Should Plaintiffs elect to file a Second Amended Complaint curing the deficiencies discussed herein, they shall do so within twenty-one (21) days of the date of this Order.  Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.  Failure to cure the deficiencies identified herein will result in dismissal of Counts 8 and 9 with prejudice.

**IT IS SO ORDERED.**

Dated: March 6, 2012

_____
LUCY H. KOH
United States District Judge