UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD SUTHERLAND, as Assignee of NIGEL ALLEN; RICHARD SUTHERLAND as assignee of FRED PILSTER; RICHARD SUTHERLAND, as assignee of SAL RUIZ; RICHARD SUTHERLAND, as assignee of JUDITH LAVENDAR and ANTHONY MALFATTI, Individually,<br><br>Plaintiffs,<br>v.<br><br>THOMAS E. FRANCIS,<br><br>Defendant. | Case No.: 12-CV-05110-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This action involves a dispute over agreements to purchase interests in heavy machinery as part of an alleged "Ponzi" scheme. Anthony Malfatti as well as Richard Sutherland, as assignee of Nigel Allen, Fred Pilster, Sal Ruiz, and Judith Lavendar (collectively, "Plaintiffs"), bring state law claims for breach of contract, common counts, unjust enrichment, and violation of the Georgia Securities Law. Presently before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") filed by Defendant Thomas Francis ("Defendant" or "Francis"). *See* Def.'s Mot. to Dismiss ("Motion"), ECF No. 21. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing and

case management conference scheduled for June 13, 2013. Having considered the submissions of the parties and the relevant law, and for good cause shown, the Court hereby GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

### A. Factual Background[1]

This action arises from a "Ponzi" scheme allegedly orchestrated by Wendell Spell ("Spell") and Defendant Thomas Francis, both residents of Georgia. FAC ¶¶ 11, 12. Spell operated a business that involved selling and leasing heavy construction machinery, as well as selling securities and fractional interests in heavy machinery. FAC ¶ 12. In so doing, Spell led investors to believe that he used their money to purchase specific pieces of construction equipment, which he did not in fact do. Spell operated his heavy equipment business under the names of North Georgia Equipment Sales, LLC, and Cornerstone International Investments, LLC, both Georgia limited liability companies of which he is the only known managing member. FAC ¶¶ 13, 15. Spell is now incarcerated in a federal correctional institution arising out of the crimes that he committed with respect to the operation of North Georgia Equipment Sales, LLC. FAC ¶ 14.

Defendant Francis was also allegedly engaged in business in California by selling and leasing heavy construction machinery, as well as selling securities and fractional interests in heavy machinery. FAC ¶ 11. In 2008, Plaintiffs entered into a series of agreements with Francis to purchase shares of machinery. FAC ¶¶ 17, 33, 49, 65, 81. Plaintiffs' agreements with Francis consisted of the following:

- Allen entered into two contracts with Francis in July of 2008. FAC ¶ 17. Under the terms of the first contract, Allen paid Francis $24,000 for a 27.59% interest in a piece of heavy machinery. FAC ¶ 19. Under the terms of the second contract, Allen paid Francis $87,000 for a 9.666% interest in a piece of machinery. *Id*.

- Pilster entered into two contracts with Francis in July of 2008. FAC ¶ 33. Under the terms of the first contract, Pilster paid Francis $87,000 for a 100% interest in a piece of heavy machinery. FAC ¶ 34. Under the terms of the second contract, Pilster paid Francis $13,000 for a 14.94% interest in a piece

---

[1] The Court takes the facts from Plaintiff's FAC as true for purposes of this motion.

- of machinery. *Id.*

- Ruiz entered into two contracts with Francis in August and September of 2008. FAC ¶ 49. Under the terms of the first contract, Ruiz paid Francis $200,000 for a 25% interest in a piece of heavy machinery. FAC ¶ 50. Under the terms of the second contract, Ruiz paid Francis $131,000 for a 50% interest in a piece of machinery. *Id.*

- Lavendar entered into a contract with Francis prior to October 1, 2008. FAC ¶ 65. Under the terms of the contract, Lavendar paid Francis $100,000 for an interest in a piece of heavy machinery. FAC ¶ 67.

- Malfatti entered into a contract with Francis in September of 2008. FAC ¶ 81. Under the terms of the contract, Malfatti paid Francis $100,000 for a 38.17% interest in a piece of heavy machinery. FAC ¶ 82.

Under each of these contracts, Francis agreed to sell the machinery at a predetermined price, at which point he promised to return Plaintiffs' principal investments plus a share of the profits within a reasonable period of time. FAC ¶¶ 20, 36, 52, 68, 84.

Plaintiffs allege that they paid Francis an agreed upon sum of money, and thus performed all obligations under the terms of their respective agreements. FAC ¶¶ 22, 38, 54, 70, 86. However, at some point in the four years prior to filing the FAC, Francis breached the respective contracts by failing to effect the sale of the heavy machinery and by failing to pay each Plaintiff his or her principal and profit owed, as promised. FAC ¶¶ 21, 37, 53, 69, 85.

### B. Procedural History

Plaintiffs Allen, Pilster, Ruiz, and Malfatti initiated this action on October 2, 2012. *See* Compl., ECF No. 1. On October 15, 2012, Plaintiffs filed their FAC, adding Plaintiff Lavendar. *See* ECF No. 3. On January 8, 2013, this case was reassigned from Magistrate Judge Paul Grewal to District Judge Edward Chen. ECF No. 18.

Francis filed the instant Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) on January 9, 2013. ECF No. 21. On January 28, 2013, Plaintiffs filed an Opposition to the Motion to Dismiss, *see* Pls.' Opp'n to Mot. to Dismiss ("Opp'n"), ECF No. 29, as well as a Request for Judicial Notice, ECF Nos. 29-1–29-4. That same day, this case was related to the previously filed case *Jimmy McAfee, et al. v. Thomas Francis, et al.*, Case No. 11-CV00821-LHK, and reassigned to the undersigned judge. *See* ECF No. 30. On February 5, 2013, Francis filed a

1 reply in support of the Motion to Dismiss, s*ee* Def.'s Reply ("Reply"), ECF No. 32, as well as an

2 objection to Plaintiffs' Request for Judicial Notice, ECF No. 33.[2]

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is a

---

[2] Plaintiffs specifically request that the Court take judicial notice of the following documents: (1) the Second Amended Complaint in *McIntyre v. Sutherland*, Santa Clara County Superior Court, Case No. 1-10-CV-185070; (2) the Demurrer to the Second Amended Complaint in *McIntyre v. Sutherland*; and (3) the Order Overruling the Demurrer to the Second Amended Complaint in *McIntyre v. Sutherland*. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the trial court's territorial jurisdiction" or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Francis objects to the Court's taking judicial notice of these documents because the allegations made in the complaint are disputed and the Demurrer and Order overruling the Demurrer are "wholly irrelevant to the issue before this Court." ECF No. 33 at 1. While the Court finds that these documents may be judicially noticed pursuant to FRE 201(b) as matters in the public record, the Court agrees with Francis that these documents are irrelevant and immaterial to the issues before this Court pursuant to FRE 401. Accordingly, the Court DENIES Plaintiffs' Request for Judicial Notice.

court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### B.    Leave to Amend

If a court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

## III.   DISCUSSION

Each Plaintiff pleads individual claims for breach of contract, common counts, and unjust enrichment. As the factual and legal basis for these claims are essentially identical, the Court will address all of Plaintiffs' claims on these causes of action together. In addition, Plaintiffs collectively plead that Francis sold securities in violation of Georgia Securities Law.

### A.    Breach of Contract Claims

Counts 1, 4, 7, 10, and 13 are claims for breach of contract between Plaintiffs and Francis. To state a claim for breach of contract under California law, Plaintiffs must plead four elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3)

5

1  defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v.*
2  *Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  In addition, a contract requires an offer
3  articulating the terms of the agreement and an acceptance that mirrors the offer.  *See Chaganti v. I2*
4  *Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1071 (N.D. Cal. 2007) ("An offer must clearly articulate
5  the terms of the agreement and the acceptance must be absolute, unqualified and a mirror image of
6  the offer.").

7  Plaintiffs' current allegations fail to allege sufficient facts to support the essential elements
8  of a breach of contract claim.  No copies of the agreements are attached to the FAC, nor are the
9  essential terms of the agreement, other than amount, pled with any particularity.[3]  Indeed, it is
10 unclear from the FAC whether the purported contracts were written or oral as Plaintiffs merely
11 plead that the agreements were "memorialized and confirmed in writing."  *See* FAC ¶17, 33, 49,
12 65, 81; *but see McAfee et al. v. Francis et al.*, No. 11-00821, 2012 WL 762118, *5 (N.D. Cal.
13 March 6, 2012) ("To the extent Plaintiffs believe that simply 'memorializing' an oral agreement
14 converts such agreement into a written contract, the California Court of Appeal has flatly rejected
15 this argument.") (citing *Citizens Casualty Co. v. Otis Clark & Co.*, 19 Cal. App. 3d 294 (1971)).  In
16 addition, the FAC fails to identify what machinery was at issue or when the machinery was
17 expected to be sold.  The FAC does not even make clear whether Plaintiffs purchased machinery or
18 just "securities and fractional interests" in various pieces of construction equipment.  The FAC also
19 makes no mention of an offer or acceptance, fails to identify a specific contract date—instead
20 alleging only months and vague stretches of time, and fails to allege when Plaintiffs expected to
21 receive payment from Francis.  *But see Jackson v. Framers Ins. Exchange*, No. 12-01020, 2012
22 WL 5337076, at *4 (E.D. Cal. Oct. 26, 2012) (holding that plaintiff did not sufficiently plead

---

[3] Francis notes that Plaintiffs fail to attach copies of any purported contracts to their FAC.  *See* Mot. at 7.  While the Court's present task would certainly be facilitated had Plaintiffs done so, federal procedural law, unlike California law, does not require submission of the written agreement itself to state a claim for breach of contract.  *See, e.g.*, *Kassa v. BP W. Coast Prods., LLC*, No. 08-02725, 2008 WL 3494677, at *4 (N.D. Cal. Aug. 12, 2008) (holding California procedural rule requiring submission of written agreement in breach of contract claims does not apply in federal courts).  "[F]ederal procedural law, not state law, governs in this court and . . . federal procedure requires only that the defendant have notice of the contract alleged to be breached."  *Id.*  (citing *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, No. 0500917, 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

6
Case No.: 12-CV-05110-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

breach of contract when complaint failed to specify relevant terms, including, "the dates the contracts were entered into").

As the FAC does not include "the essential terms of the agreement and more specific allegations as to breach," Plaintiffs have failed to plausibly demonstrate that Francis is liable for breach of contract. *McAfee v. Francis*, No. 11-00821, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011); *see also Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. 11-1590, 2012 WL 2798809, at * 5 (E.D. Cal. Jul. 9, 2012) (holding that claim for breach of contract should be dismissed when it "fail[ed] to provide fair notice of [party's] wrongdoing."); *see generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' ") (quoting *Twombly*, 550 U.S. at 557).

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' first, fourth, seventh, tenth, and thirteenth causes of action without prejudice.[4]

### B. Common Counts Claims

Counts 2, 5, 8, 11, and 14 are claims for common counts. Under California law, "[a] common count is not a specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness[.]" *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). The elements of a claim for common counts are: (1) the statement of indebtedness in a certain sum, (2) the consideration, and (3) nonpayment. *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997). "When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts," it does not survive if the underlying claim does not survive. *McBride*, 123 Cal. App. 4th at 394; *see also Mitchell v. Nat'l Auto. & Cas. Ins. Co.*, 38 Cal. App. 3d 599, 606 (1974) ("It is settled that when a common count is based upon the same facts specifically pleaded in another count which is subject to demurrer, the common count is likewise subject to demurrer.").

Here, Plaintiffs allege that Francis became indebted "for money had and received" from the Plaintiffs in the same amounts as the breach of contract claims. *See* FAC ¶¶ 27, 43, 59, 75, 90.

---

[4] Given that Plaintiffs have failed to state breach of contract claims, the Court need not determine whether these claims are also barred by the statute of limitations. *See* Mot. at 9-10; Opp'n at 5.

7

Case No.: 12-CV-05110-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Thus, the common counts claims are derivative of their contract claims. Because the Court dismisses Plaintiffs' breach of contract claims, it also GRANTS Defendant's Motion to Dismiss Plaintiffs' second, fifth, eighth, eleventh, and fourteenth causes of action without prejudice.

### C. Unjust Enrichment Claims

Counts 3, 6, 9, 12, and 15 are claims for unjust enrichment. Despite some inconsistency in the law, several recent decisions by the California Court of Appeals have held that "[u]njust enrichment is not a cause of action, just a restitution claim." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *accord Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). In light of this recent persuasive authority, this Court has previously determined that there is no cause of action for unjust enrichment under California law. *See, e.g.*, *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 814 (N.D. Cal. 2011); *accord Ferrington v. McAfee, Inc.,* No. 10-01455, 2010 WL 3910169, at *17 (N.D. Cal. Oct. 5, 2010) (citing *Durell*, 183 Cal.App.4th at 1370)). Other federal courts have similarly determined that there is no independent cause of action for unjust enrichment. *See, e.g.*, *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (dismissing with prejudice plaintiffs' unjust enrichment claim brought in connection with claims of misappropriation and violation of the UCL because unjust enrichment does not exist as a stand-alone cause of action); *LaCourt v. Specific Media, Inc.,* No. 10-1256, 2011 WL 1661532, *8 (C.D. Cal. 2011) (dismissing unjust enrichment claim because it "cannot serve as an independent cause of action"); *In re DirecTV Early Cancellation Litig.*, 738 F. Supp. 2d 1062, 1091-92 (C.D. Cal. 2010) (same).

Accordingly, the Court finds that unjust enrichment does not provide an independent cause of action. The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' third, sixth, ninth, twelfth, and fifteenth causes of action with prejudice.

### D. Violation of Georgia Securities Law

Count 16 is a claim for violation of the Georgia Uniform Securities Act ("GSA"). Francis argues that Plaintiffs have failed to sufficiently plead all of the elements of a violation of the GSA. Mot. at 13. In their Opposition, Plaintiffs state that they "do not Oppose the Motion in regard to

8

the claim under the Georgia Securities Law, and hereby dismiss[] those allegations, contained in the First Amended Complaint at ¶¶95-101 at pg. 15:1-17, and the Prayer for Relief thereon at pg. 18:2-10." Opp'n at 2. In light of Plaintiffs' statement of non-opposition, the Court GRANTS Defendant's Motion to Dismiss this claim with prejudice.

## IV. CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. Because the Court determines that the deficiencies in the Complaint as to counts 1, 2, 4, 5, 7, 8, 10, 11, 13, and 14 could be cured by additional factual allegations, Plaintiffs are granted leave to amend these claims. The Court dismisses the remainder of Plaintiffs' claims—counts 3, 6, 9, 12, 15, and 16—with prejudice.

Should Plaintiffs elect to file a Second Amended Complaint curing the deficiencies discussed herein, they shall do so within 30 days of the date of this Order. Failure to meet the 30 day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice. Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: June 10, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge